UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Bradley Berggoetz, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:20-cv-2499 |
| | ) |
| GLA Collection Company, Inc., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Bradley Berggoetz, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, GLA Collection Company, Inc. (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 2630 Gleeson Lane, Louisville, KY 40299.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect alleged debts from Plaintiff.

18. The Plaintiff incurred a debt that was primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default, the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the alleged debt.

22. The Plaintiff requested that the Defendant cease all further communication on the alleged debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Prior to October 10, 2018, the Defendant was attempting to collect a debt from Plaintiff.

26. Prior to October 10, 2018, the Defendant had reported to Experian credit reporting agency that the Plaintiff owed a debt to its client, Holistic Medical & Wellness Center Indiana.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.  *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

28. On October 10, 2018, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number: 18-07791-JMC-7A. Upon filing a bankruptcy case the Court issued an automatic stay prohibiting debt collection.  The notification expressly prohibits any type of debt collection for debts subject to the automatic stay. *See Exhibit "2" attached hereto*.

29. The Plaintiff's bankruptcy petition contained a list of schedules of debts.

30. The aforementioned debt was listed on Schedule F. The Defendant itself was listed as a creditor on the Plaintiff's bankruptcy petition.

31. On January 15, 2019, the Plaintiff received a discharge of his debts. *See Exhibit "3" attached hereto*.

32. On or about January 17, 2019, the Bankruptcy Noticing Center sent the Defendant a copy of the Discharge Order. *See Exhibit "3" attached hereto*.

33. On or about July 20, 2020, the Plaintiff obtained and reviewed a copy of his Experian credit report. *See Exhibit "4" attached hereto*.

34. The Experian credit report shows the Defendant reported the alleged debt at issue in this case as being opened prior to the filing of Plaintiff's bankruptcy case.

35. The July 20, 2020, Experian credit report shows that the Defendant was continuing to report the alleged debt at issue as viable when, in fact, the alleged debt at issue in this case was included in Plaintiff's bankruptcy case and, therefore, is subject to the discharge injunction of the U.S. Bankruptcy Court. *See Exhibit "4" attached hereto*.

36. As of July of 2020, despite the multiple notices sent by the Bankruptcy Noticing Center, the Defendant continued to report account number XXX2630 with a balance of $57 on the Plaintiff's Experian credit report. This tradeline fails to indicate that the alleged debt is subject to the discharge injunction of the U.S. Bankruptcy Court. *See Exhibit "4" attached hereto*.

37. The Defendant was misrepresenting the legal status of the alleged debt to a credit reporting agency which constitutes a violation of the FDCPA.

38. The Defendant is attempting to collect an alleged debt that it is legally enjoined from collecting which constitutes a violation of the FDCPA.

39. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 39 of the complaint are realleged and incorporated herewith by references.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: John@johnsteinkampandassociates.com